IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00200–PAB–KMT

JIMMY JOSEPH VASQUEZ,

    Plaintiff,

v.

CLAIRE SIMS (Case Manager),
STEVEN MAY (Lieutenant),
MARY COX-BERGMAN (Major),
NICHOLSON (Correctional Officer), and
JOHN & JANE DOES 1-25, in their individual and official capacities,

    Defendants.

---

## AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Plaintiff's "Notification to the Court That Plaintiff's Legal File Has Been Illegally Seized, and Motion for Default Judgment" (Doc. No. 35) filed November 12, 2010.

Rule 55 of the Federal Rules of Civil Procedure mandates a two-step process for a party seeking a default judgment in its favor. *Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995). First, the party must request "by affidavit or otherwise" that the Clerk enter default on the docket. Fed. R. Civ. P. 55(a); see also *id.* (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Second, following the entry of default by the Clerk, "the party

entitled to a judgment by default shall apply to the court therefore." Fed. R. Civ. P. 55(b)(2); *see also Williams*, 1995 WL 365988, at *1.

Here, the Clerk of the Court has not recorded an entry of default pursuant to Rule 55(a), nor has Plaintiff requested entry of default. Instead, Plaintiff skipped directly to the second step of the process and moved for a default judgment. Only after both steps occur can the court enter a default judgment. Moreover, the court notes that the defendants have filed an Answer (Doc. No. 15), and that the Defendants are not in default.

To the extent Plaintiff seeks default judgment due to the alleged seizure of his litigation materials, there is no indication the defendants were involved in the seizure. Moreover, the alleged seizure of Plaintiff's litigation materials is an improper basis for entering default or granting default judgment.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Notification to the Court That Plaintiff's Legal File Has Been Illegally Seized, and Motion for Default Judgment" (Doc. No. 35) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 29th day of November, 2010.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge