IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00200-PAB-KMT

JIMMY JOSEPH VASQUEZ,

    Plaintiff,

v.

CLAIRE SIMS, Case Manager,
STEVEN MAY, Lieutenant,
MARY COX-BERGMAN, Major,
NICHOLSON, Correctional Officer, and
JOHN & JANE DOES 1-25,

    Defendants.

## ORDER

This matter is before the Court on the Amended Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 41]. Magistrate Judge Kathleen M. Tafoya recommends the Court deny plaintiff's "Notification to the Court that Plaintiff's Legal File has been Illegally Seized, and Motion for Default Judgment" [Docket No. 35]. Plaintiff has filed objections to the Recommendation [Docket No. 42]. The Court, therefore, reviews this matter *de novo*. The Court construes plaintiff's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his motion, plaintiff contends that his legal documents were seized by personnel at the Sterling Correctional Facility in Sterling, Colorado, where plaintiff is currently incarcerated. Plaintiff requests that the Court enter default judgment against

the defendants because of that seizure. In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008).

In this case, plaintiff has not sought and received entry of default from the Clerk of the Court under Rule 55(a). Failure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment in step two. *See Williams*, 1995 WL 365988 at *1; *Nasious*, 2008 WL 659667, at *1. Moreover, even if plaintiff's motion is construed as requesting entry of default, defendants have answered plaintiff's complaint [Docket No. 15]. *See* Fed. R. Civ. P. 55(a) (" When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Plaintiff also requests a hearing and for all deadlines to be suspended pending resolution of the seizure issue. By Minute Order dated December 15, 2010 [Docket No. 49], Magistrate Judge Tafoya denied plaintiff's separate motion for a stay of deadlines [Docket No. 39]. The Minute Order notes that plaintiff's legal file was returned to him on or before December 5, 2010. Thus, plaintiff's requests are now moot, although he may assert any appropriate objections to such order.

For the foregoing reasons, it is

**ORDERED** that the Amended Recommendation of United States Magistrate Judge [Docket No. 41] is ACCEPTED and plaintiff's objection is overruled.  It is further

**ORDERED** that plaintiff's "Notification to the Court that Plaintiff's Legal File has been Illegally Seized, and Motion for Default Judgment" [Docket No. 35] is DENIED.

DATED December 16, 2010.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge